```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

| | |
|---|---|
| SUSAN ELDRIDGE,<br><br>      Plaintiff,<br><br>      v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>      Defendant. | Civil No. 19-19406 (RMB)<br><br>**MEMORANDUM OPINION & ORDER** |

**BUMB**, United States District Judge:

This matter comes before the Court upon an appeal by Plaintiff Susan Eldridge from a denial of social security disability benefits.

For the reasons set forth below, the Court vacates the decision of the Administrative Law Judge ("ALJ") and remands for proceedings consistent with this Memorandum Opinion and Order's reasoning.

**I.    STANDARD OF REVIEW**

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3).  "Substantial evidence" means "'more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a

>specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). The analysis proceeds as follows:

>At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. Id. Otherwise, the ALJ moves on to step two.
>
>At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" Id. §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.
>
>At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations[.]" Smith, 631 F.3d at 634. If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.
>
>At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work."2 *202 Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." Id. §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot,

> the ALJ moves on to step five.
>
> At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] ... age, education, and work experience[.]" Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

Hess v. Comm'r Soc. Sec., 931 F.3d 198, 201–02 (3d Cir. 2019).

## II.   **FACTS**

The Court recites only the facts that are necessary to its determination on appeal, which is narrow.

Plaintiff, who was 61 years old at the alleged onset date, claims disability, in part, based on diagnoses of type II diabetes with associated neuropathy, high blood pressure, high cholesterol, depression, and anxiety.

In support of her claim in these regards, Plaintiff provided testimony, as well as treatment and examination records from her physician, Dr. Gary Brattelli, D.O., dating from 2009 to 2016 (A.R. at 292-362); treatment records from RA Pain Services, dating from January to July 2016 (A.R. at 363-83); and treatment records from Kennedy Health Alliance, dating from August 2016 to December 2017 (A.R. at 384-426).

## III.  ALJ'S DETERMINATION

The ALJ found Plaintiff not disabled.  At Step Two of the five-step sequential analysis, the ALJ concluded that Plaintiff had "medically determinable impairments" of "type II diabetes with associated neuropathy, hypertension, hyperlipidemia, depression, and anxiety." (A.R. at 17)  However, the ALJ further concluded that Plaintiff "does not have an impairment or combination of impairments that significantly limits her ability to perform basic work activities[.]" (A.R. at 18)

After noting that Plaintiff testified that she was "unable to work because of pain and neuropathy" and reviewing the symptoms to which Plaintiff had testified, the ALJ stated that she found that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms[,]" but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (A.R. at 19)

The ALJ discounted Plaintiff's testimony that pain and numbness from her neuropathy were limiting to the point of disability, stating that "the [medical] evidence demonstrates mild symptoms and conservative treatment." (A.R. at 19)

As to Plaintiff's mental impairments, the ALJ stated that

"even finding these conditions [i.e. depression and anxiety] to be medically determinable impairments is generous," noting that "they are not mentioned consistently as ongoing or impairing issues" in the records of Plaintiff's treating physician, Dr. Brattelli, and that Plaintiff was neither referred to nor sought treatment from a mental health professional. (A.R. at 19-20)  The ALJ noted that Plaintiff's alleged memory loss was mentioned in the record, albeit "sporadically", and that it was a "notable symptom", but discounted its impact as it had not been objectively confirmed by psychological testing. (A.R. at 20)

The ALJ gave "great weight" to the opinions of the state Disability Determination Services consultants, who determined that there was "insufficient evidence to find a severe mental or severe physical impairment[.]" (A.R. at 21)  The ALJ asserted that that determination was consistent with the records of Plaintiff's treating physician, Dr. Brattelli. (A.R. at 21)  The ALJ did not specify the weight which she gave to the opinions of Dr. Brattelli contained within his treatment notes.

IV.  **ANALYSIS**

Among other arguments, Plaintiff asserts that the ALJ erred in failing to find at Step Two the presence of a severe impairment or combination of impairments, and that stopping the

sequential evaluation at that step was not harmless error.

The Commissioner argues that the ALJ's determination of no severe impairment at Step Two was a proper evaluation of Plaintiff's failure to meet her burden of demonstrating that she had a "severe" medically determinable impairment or combination of impairments.

The Commissioner depicts the burden upon Plaintiff at Step Two of the sequential evaluation as more onerous than it is. The Third Circuit has held that "[a]n impairment, once established, must be considered severe unless the evidence demonstrates that it is merely a slight abnormality, having no more than a minimal effect on an individual's ability to work. Reasonable doubts on severity are to be resolved in favor of the claimant." Sincavage v. Barnhart, 171 F. App'x 924, 926 (3d Cir. 2006) (citing and quoting Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546-47 (3d Cir. 2003)). "Only those claimants with slight abnormalities that do not significantly limit **any** 'basic work activity' can be denied benefits at [S]tep [T]wo." Newell, 347 F.3d at 546 (emphasis added) (citing Bowen v. Yuckert, 482 U.S. 137, 158 (1987) (O'Connor, J., concurring)).[1]

---

[1] At one point in her report, the ALJ states that "while the medical evidence of record demonstrates the existence of the claimant's **severe impairments**, the evidence simply does not support a level of severity that would limit her ability to perform work-related activities." (A.R. at 20) (emphasis added) It is unclear whether this is merely imprecise wording, or indicative of an imperfect understanding of the Step Two standard.

The ALJ appears to credit the existence of Plaintiff's physical symptoms, and to question only their "intensity, persistence, and limiting effects" because they "are not entirely consistent with the medical record" or are mentioned "sporadically". (A.R. at 19)

However, there is no indication in the record that the ALJ specifically considered whether Plaintiff's medically determinable mental impairments, namely anxiety and depression, would interact with her physical impairments and their acknowledged symptoms to create severe impairment in combination.  Aside from a conclusory statement that "the claimant's physical and mental impairments, considered singly and in combination, do not significantly limit the claimant's ability to perform basic work activities" (A.R. at 22), there was no indication that Plaintiff's mental impairments had been considered in combination with the physical ones.  Indeed, the ALJ's aside that "even finding these conditions to be medically determinable impairments is generous," despite their inclusion in Dr. Bratelli's treatment notes, leaves the Court with the impression that the ALJ may not have given evidence of these mental conditions serious consideration at all.

Moreover, the ALJ at multiple points invokes Plaintiff's lack of treatment by a mental health professional as evidence of the non-severity of her mental impairments. See, e.g., A.R. at

20 "[T]he claimant has not sought, or required, any mental health treatment."); id. ("[T]he claimant never underwent any psychological testing."); A.R. at 22 ("The claimant also did not seek, or require, any mental health treatment."). At no point, though, does the ALJ state whether Plaintiff provided any reasons as to why she did not seek mental health treatment, and if so, whether and how the ALJ integrated those reasons into her analysis of the severity of Plaintiff's mental health impairments.

The Social Security Administration issued a policy interpretation ruling, effective March 28, 2016, which addressed in part how an ALJ should consider a claimant's treatment history or lack thereof. See SSR 16-3p (S.S.A), 2017 WL 5180304. The ruling specifies that:

> [I]f the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, . . . we <u>may</u> find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record. We will <u>not</u> find an individual's symptoms inconsistent with the evidence on this record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints. . . . [W]e <u>will</u> <u>consider</u> <u>and</u> <u>address</u> reasons for not pursuing treatment that are pertinent to an individual's case. . . . We <u>will</u> <u>explain</u> how we considered the individual's reasons in our evaluation of the individual's symptoms."

SSR 96-7p, at *9-10 (emphases added).

In this case, the ALJ's report gives no indication that any

reasons for Plaintiff's failure to pursue treatment were sought, or provided. But the transcript of the hearing indicates that Plaintiff testified that she lacked health insurance:

> Plaintiff: I took early retirement.
> ALJ: And do you have health insurance with that?
> Plaintiff: No.
> ALJ: Do you have Medicare?
> Plaintiff: What is that?
> ALJ: You're 65. Medicare? You've never heard of Medicare?
> Plaintiff: I don't have any insurance.
> ******
> ALJ: . . . Okay. So you don't have any health insurance right now?
> Plaintiff: No. I don't.

(A.R. at 34-35)

Perhaps the ALJ did in fact carefully consider the interaction of Plaintiff's anxiety and depression with her physical impairments.[2] And perhaps the ALJ did "consider . . . reasons for not pursuing treatment that are pertinent to an individual's case" – although she did not "address" Plaintiff's reason, or "explain how [sh]e considered the individual's reason[] in [her] evaluation," as SSR 16-3p requires. However, the Court cannot affirm on this basis. The ALJ's written decision does not allow the Court to discern whether the ALJ took either of these required analytical steps. See Stockett v. Comm'r of Soc. Sec., 216 F. Supp. 3d 440, 456 (D.N.J. 2016) (Bumb, D.J.) ("The Third Circuit 'requires the ALJ to set forth

---

[2] The Commissioner represents that she did, pointing to the ALJ's concluding paragraph stating that Plaintiff's "physical and mental impairments [were] considered singly and in combination[.]" (A.R. at 22)

the reasons for his decision.'") (quoting <u>Burnett v. Comm'r of Soc. Sec. Admin.</u>, 220 F.3d 112, 123 (3d Cir. 2000)).  This is not merely harmless error.  Whether the ALJ took into account how Plaintiff's physical and mental impairments interact, and whether Plaintiff's lack of mental health treatment could be a function of her inability to pay for the care of a specialist rather than an indicator of the non-severity of her symptoms, may have affected the ultimate finding at Step Two that Plaintiff was not disabled.

It may well be the case that the ALJ will arrive at the same ultimate finding of no disability on remand.  At this juncture, however, the ALJ must provide a thorough explanation for her decision.  As such, the Court **vacates** the decision of the ALJ and **remands** for proceedings consistent with the above analysis.

**ACCORDINGLY**, it is on this **27th** day of **October, 2020**,

**ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE THIS CASE**.

___s/ Renée Marie Bumb___
RENÉE MARIE BUMB, U.S.D.J.
